UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD GERMONES REED,

        Petitioner,                              Case No. 1:08-cv-490

v.                                               Honorable Robert J. Jonker

CINDI S. CURTIN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for lack of merit in the grounds presented.

**Discussion**

    I.    <u>Factual allegations</u>

On May 2, 2005, Petitioner Richard Germones Reed pleaded guilty in the Kent County Circuit Court to two counts of third-degree criminal sexual conduct involving sexual penetration accomplished with force or coercion against two separate complainants. As part of the plea agreement, the prosecutor dismissed one count of first-degree criminal sexual conduct. On June 29, 2005, the court sentenced him to two concurrent terms of imprisonment of ten to fifteen years. The court found that a sentence in excess of the guidelines was proper in light of the physical and emotional injuries to the victims and their families and in order to protect the public.

Petitioner filed a motion for resentencing, arguing that the court had erred in calculating certain offense variables under the Michigan sentencing guidelines. The court denied the motion on August 11, 2006, concluding that, while correction of the errors would have decreased the sentencing guidelines, the court would have imposed the same sentence.

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals. The court of appeals denied leave to appeal on November 15, 2006. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave on September 10, 2007.

In the instant habeas petition, filed May 28, 2008, Petitioner raises the following three grounds, all of which were raised in the Michigan courts:

    I.    THE TRIAL COURT ERRED IN IMPOSING AN UPWARD DEPARTURE SENTENCE OF 10-15 YEARS – THE VERY MAXIMUM ALLOWED BY LAW – WHERE NO VALID SUBSTANTIAL AND COMPELLING REASONS EXISTED.

    II.    THE TRIAL COURT ERRED IN FAILING TO ORDER RESENTENCING WHERE AN ACKNOWLEDGED SCORING ERROR MEANT THE

        COURT IMPOSED A SENTENCE BASED ON INACCURATE INFORMATION.

   III.    MR. REED IS ENTITLED TO RESENTENCING WHERE THE TRIAL COURT ERRED IN SCORING OFFENSE VARIABLES, AND WHERE THESE MISTAKES RESULTED IN A HIGHER SENTENCING GUIDELINE RANGE.

(Pet. at 7.)

        II.    <u>Analysis</u>

The Court may entertain an application for habeas relief on behalf of a person in custody pursuant to the judgment of a State court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

       Petitioner has raised no claim of constitutional error. Both in the state courts and in this court, Petitioner has argued three state-law issues: (1) the sentencing departure was not supported by a "substantial and compelling reason," as required by MICH. COMP. LAWS § 769.34; (2) Offense Variables (OV) 3, 11 and 13 were mis-scored, mandating resentencing under Michigan law; and (3) the sentence was disproportionate under state law, *see People v. Milbourn*, 461 N.W.2d 1 (Mich. 1990).

       Petitioner's first two stated grounds for relief involve the scoring of his offense under the sentencing guidelines and the propriety of the court's departure from the guideline sentence recommendation. Claims concerning the improper scoring of sentencing guidelines are state-law

- 3 -

claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987). As a consequence, Petitioner's first two habeas grounds clearly are not cognizable on habeas review.

In his third ground for relief, Petitioner argues that his sentence was disproportionate under the analysis enunciated by the Michigan Supreme Court in *Milbourn*, 461 N.W.2d 1. Under *Milbourn*, the sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). It is plain that *Milbourn* was decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at * 2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260

(E.D. Mich. 1994). In addressing a claim that a sentence violated *Milbourn* proportionality, the Sixth Circuit stated that the issue was a matter of state law and that there was "no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee." *Lunsford*, 1995 WL 236677, at *2 (citing *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) and *United States v. Hopper*, 941 F.2d 419, 422 (6th Cir. 1991)); *Terry v. Trippett*, No. 94-2077, 1995 WL 469424, at *1 (6th Cir. Aug. 7, 1995) (same). Thus, Petitioner's proportionality claim is solely an issue of state law that is not cognizable in a habeas corpus action.

Although he does not invoke any federal law, a Petitioner's habeas application arguably could be construed as raising claims under the Due Process Clause of the Fifth and Fourteenth Amendments and under the Eighth Amendment. Petitioner did not allude to either federal constitutional standard in the state courts. The federal claims, therefore, are not exhausted as required by federal law, *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). However, where, as here, the claims clearly lack merit, the Court may deny the petition notwithstanding the failure to exhaust. 28 U.S.C. § 2254(b)(2).

Although state law errors are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted). *See also Doyle*, 347

F. Supp. 2d at 485 (a habeas court could set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner alleges that the trial court's upward departure was based on inaccurate information. Specifically, he argues that the sentencing court improperly exceeded the sentencing guidelines on the basis of the physical and emotional injuries to the victims and their families. Petitioner asserts that no objective evidence exists on the record to support the judge's finding of injury to the families. He acknowledges that one of the victims went to "visit a nurse at the Y[W]CA" for a sexual assault examination, but he claims that the examination report did not detail any actual treatment for bodily injury caused by the sexual assault. He further acknowledges that the presentence report contained descriptions of pain and punching to the face for one of the victims, and he does not dispute that the punching occurred. Instead, he argues that neither the plea nor the

sentencing transcripts include direct evidence about the injuries. Finally, Petitioner recognizes that the father of one of the victims gave evidence that the sexual assault had caused him to experience anger sufficient to changed his attitude toward children. Petitioner argues, however, that such evidence was insufficient to support a psychological injury to the family.

Petitioner has failed to demonstrate constitutional error in the conclusions of the sentencing court. Petitioner makes no representation that the information relied upon by the court was "materially false." *Tucker*, 404 U.S. at 447. Instead, he simply argues that the facts presented on the hearing record are themselves insufficient to support the findings. However, Petitioner's own admissions in this Court create sufficient facts to support a finding of physical and emotional injury to at least one victim and emotional injury to the family of that victim. Petitioner's argument therefore falls far short of demonstrating a due process violation.

Petitioner's implied Eighth Amendment claim also lacks merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th

Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 for lack of merit in the grounds presented. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: July 30, 2008                                /s/ Hugh W. Brenneman, Jr.
                                                    HUGH W. BRENNEMAN, JR.
                                                    United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).